Reginald Adams,                    :
                Petitioner      :
                    :   No. 1060 C.D. 2020
           v.             :
                    :   Submitted: March 19, 2021
School District of Philadelphia  :
(Workers' Compensation Appeal  :
Board),                    :
             Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: March 30, 2022

Reginald Adams (Claimant) seeks review of the October 1, 2020 order of the Workers' Compensation Appeal Board (Board) affirming the November 12, 2019 decision and order of the Workers' Compensation Judge (WCJ) that granted Claimant's reinstatement petition, and reinstated Claimant's total disability status as of May 17, 2018. For the reasons that follow, we affirm the order of the Board.

## I. Background

The relevant facts are undisputed and may be summarized as follows. On May 13, 2003, Claimant sustained a work injury while employed with the School District of Philadelphia (Employer). Through a notice of temporary compensation

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

payable, which later converted to a notice of compensation payable, Employer accepted liability for a low back sprain. The description of the injury was subsequently expanded by the WCJ to include L-2/3 bilateral disc herniation, L-3/4-disc herniation, improved bilateral lumbar radiculopathy, mechanical back syndrome, and chronic back pain.

On January 19, 2012, Claimant underwent an impairment rating evaluation (IRE) performed under former Section 306(a.2) of the Workers' Compensation Act (Act).[2] The IRE was performed by Ronald Abraham, M.D., by applying the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). Dr. Abraham determined that Claimant had a 25% whole-body impairment. Thereafter, Employer filed a modification petition seeking to change Claimant's disability status. Claimant did not appeal the petition to modify nor did he challenge the constitutionality of the IRE. Instead, the parties entered into a Stipulation resolving Employer's modification petition, which was approved by the WCJ on January 28, 2013. In this Stipulation, the parties agreed that Claimant's status changed from temporary total disability to temporary partial disability as of January 19, 2012, but preserved Claimant's right to challenge the IRE. The Stipulation provided in this regard:

> The parties hereby agree that the stipulation and any [WCJ's] Order approving same shall not act as a bar or preclusion by either party, to file any future petitions of any kind, including but not limited to future petitions to challenge the IRE and determination of Dr. Abraham and [C]laimant's status as a result of the IRE of Dr. Abraham. The parties hereby agree and reserve the right to file any and all other petitions

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, repealed by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

available under the [] Act as amended, including but not limited to petitions to challenge the nature and description of [C]laimant's work injuries. This stipulation is not a bar or preclusion of either party to challenge the IRE of Dr. Abraham.

(Reproduced Record (R.R.) at 93a.)

In September 2015, this Court decided *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) *(Protz I)*, *affirmed*, 161 A.3d 827 (2017) *(Protz II)*. In *Protz I*, we held that former Section 306(a.2) of the Act, *formerly* 77 P.S. §511.2, impermissibly delegated legislative authority to the AMA by providing that IREs were to be conducted pursuant to the most recent edition of the AMA Guides. *Protz I*, 124 A.3d at 416. Rather than declare the entire provision invalid, however, this Court severed the language relating to the most recent edition of the AMA Guides and concluded that future IREs should be conducted pursuant to the Fourth Edition, which was in effect at the time the legislature enacted former Section 306(a.2). *Id*.

On June 20, 2017, our Supreme Court issued its decision in *Protz II*. The Supreme Court upheld this Court's conclusion that the legislature improperly delegated its lawmaking authority to the American Medical Association by providing for reference to the most recent version of the AMA Guides. *Protz II*, 161 A.3d at 841. However, the Supreme Court reversed this Court's ruling that the Fourth Edition of the AMA Guides should apply. *Protz II*, 161 A.3d at 841. Concluding that the defective provision could not reasonably be severed, our Supreme Court held that former Section 306(a.2) was invalid in its entirety.[3] *Protz II*, 161 A.3d at 841.

---

[3] By Act 111, the General Assembly adopted the Sixth Edition (second printing April 2009) of the AMA Guides, thereby correcting the impermissible delegation of legislative authority that had invalidated former Section 306(a.2) of the Act.

3

On May 17, 2018, Claimant filed a reinstatement petition, arguing that under *Protz II*, his disability status was changed from total to partial pursuant to an unconstitutional IRE. In his petition, Claimant requested that his reinstatement take effect on January 19, 2012, the date his benefits were modified pursuant to the unconstitutional IRE.

On June 6, 2018, this Court decided *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*). In *Whitfield*, this Court held that for a claimant to receive reinstatement of total disability benefits based on a *Protz* decision and an unconstitutional IRE, a claimant must demonstrate that he/she continues to be disabled from the work injury. *Id*. at 616. We held that a claimant can satisfy the evidentiary burden of reinstatement to total disability status under *Protz II* through his/her own testimony without the need for medical evidence. We further held that if a claimant makes such a showing, he/she is entitled to reinstatement as of the date he/she filed the reinstatement petition. *Id*.

On June 27, 2018, the WCJ conducted a hearing on Claimant's reinstatement petition. Claimant testified before the WCJ that he continued to be totally disabled from his pre-injury job due to symptoms and physical limitations from his May 13, 2003 work injury. Employer introduced into evidence the IRE by Dr. Abraham, and presented no witnesses. The WCJ accepted Claimant's testimony as credible. On November 12, 2019, the WCJ granted Claimant's reinstatement petition. Relying on our decision in *Whitfield*, the WCJ concluded that Claimant established entitlement to relief as of May 17, 2018, the date Claimant filed his reinstatement petition. Further, relying on this Court's decision in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 625, 643 (Pa. Cmwlth.

4

2018), *aff'd*, 232 A.3d 629 (Pa. 2020), the WCJ noted that in order to obtain a reinstatement to total disability status retroactive to the date of the IRE, a claimant must show that the original modification of Claimant's status was actively being litigated when the Supreme Court issued its decision in *Protz II* on June 20, 2017. The WCJ concluded that Claimant did not satisfy his burden of proving that his disability status should be modified to temporary total disability retroactive to January 19, 2012, the date of the IRE, because there was no indication that Claimant's original modification of his status was actively being litigated on June 20, 2017, the date of the Supreme Court's holding in *Protz II*. Claimant appealed to the Board which affirmed. Thereafter, Claimant filed a petition for review in this Court.

## II. Analysis

On appeal,[4] Claimant argues the Board erred with respect to the date of his reinstatement, which he believes should be the date on which his unconstitutional IRE was performed. We discern no merit in this assertion.

In *Whitfield*, the claimant sought reinstatement of total disability status after our decision in *Protz I*, arguing, like Claimant here, that because the modification from total to partial disability was based on an IRE performed under an invalid statute, total disability status should be reinstated. *Whitfield*, 188 A.3d at 612. This Court concluded that if the claimant demonstrated entitlement to total disability status, reinstatement was proper as of the date of the reinstatement petition. *Id.* at 617. Subsequently, in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020), this Court specifically addressed

---

[4] This Court's review is limited to determining whether the necessary findings of fact were supported by substantial evidence, constitutional rights were violated, or errors of law were committed. *Borough of Heidelberg v. Workers' Compensation Appeal Board (Selva)*, 928 A.2d 1006, 1009 (Pa. 2006). Where the issue presented involves a question of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

the proper reinstatement date under circumstances similar to those in this case. The claimant in *White* filed a reinstatement petition after our decision in *Protz I* and sought reinstatement as of the original modification date, but the Board concluded reinstatement was appropriate only from the date of the claimant's reinstatement petition. *Id.* at 1230-31. We affirmed, explaining that because the claimant had not appealed the original modification, she was entitled to reinstatement only as of the date of her reinstatement petition, not the date her status had been modified from total to partial disability. *Id.* at 1231. In *Dana Holding*, the Supreme Court addressed retroactive application of *Protz II* specifically regarding a scenario in which the pertinent constitutional challenge was advanced during the course of direct appellate review.

Here, Claimant had his benefits modified from total to partial disability based on a January 2012 IRE, and he agreed to the change in status in a Stipulation approved in January 2013. Claimant did not file his present petition contesting the IRE and seeking reinstatement until May 17, 2018, after the Supreme Court decided *Protz II*. Modification of Claimant's disability status was not actively being litigated at the time *Protz II* was issued. As a result, *Dana Holding* does not apply. Rather, our decision in *White* is controlling authority in this matter and compels the conclusion that the Board did not err in affirming the WCJ's determination that Claimant's date of reinstatement was the date he filed his reinstatement petition. *See White*, 237 A.3d at 1231 ("In the present matter, [the claimant] was not litigating the underlying IRE when *Protz II* (or for that matter *Protz I*) was issued. [The claimant's] modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [the claimant] is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial."); *see*

6

*also Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 555-56 (Pa. Cmwlth. 2020) (*en banc*) (reiterating that, pursuant to *White*, when a claimant files a petition for reinstatement following the decisions in either *Protz I* or *Protz II*, and demonstrates an ongoing disability from a work injury, "the claimant is entitled to reinstatement as of the date the claimant's petition was filed").

Notably, Claimant does not dispute that *Whitfield* and *White* apply to his situation or that *Dana Holding* does not. Instead, he argues "the Supreme Court [in *Dana Holding*] left open for later determination the question of when challenges to the unconstitutional IRE process would apply retroactively" and held that "equitable balancing may warrant application of *Protz II* to other situations." (Claimant's Br. at 13.) The language from *Dana Holding* upon which Claimant relies is as follows:

> **Ultimately, our present decision stands for the principle that the general rule in Pennsylvania will be that, at least where prior judicial precedent [is not] overruled, a holding of this Court that a statute is unconstitutional will generally be applied to cases pending on direct appeal in which the constitutional challenge has been raised and preserved**. **At the present point in time, however, the Court is not of a mind to exclude the possibility of equitable balancing in extraordinary cases,** particularly since no party this appeal has advocated any such position.

*Dana Holding*, 232 A.3d at 648-49 (emphasis added).

Claimant argues that his is such an extraordinary case. He asserts that equitable balancing warrants full retroactivity of *Protz II* here because limiting reinstatement to the date the reinstatement petition was filed would deprive him of more than 331 weeks of disability benefits as the result of an unconstitutional law. He maintains that he lost those benefits not through his own conduct, but because the General Assembly enacted unconstitutional legislation. He asserts it is neither fair nor

just to permit an employer to reduce an injured worker's entitlement to future partial disability benefits based upon an unconstitutional statute that the injured worker preserved his right to challenge.

We disagree that the facts or circumstances identified by Claimant render this matter extraordinary such that it is distinguishable from the *Whitfield* and *White* line of cases. To the extent Claimant argues that preserving the right to challenge the IRE process in the 2013 Stipulation equates to the situation in *Dana Holding* – it is rejected. Unlike in *Dana Holding*, where the claimant's disability status remained subject to continuing litigation and was on appeal at the time of the Supreme Court's decision in *Protz II*, Claimant here stipulated to the modification and did not challenge the IRE until five years later, after *Protz II*, based on its unconstitutionality. Furthermore, the facts of this case are hardly novel or extraordinary. They are, in fact, the same or similar to the numerosity of cases this Court has heard in the aftermath of the *Protz* decisions and the current precedent regarding retroactivity negates the expansive and broad view of retroactivity sought by Claimant. *See Moore v. Workers' Compensation Appeal Board (Sunoco, Inc. (R & M))* (Pa. Cmwlth., No. 715 C.D. 2017, filed June 6, 2018); *Pavlack v. Workers' Compensation Appeal Board (UPMC South Side)* (Pa. Cmwlth., No. 702 C.D. 2017, filed June 6, 2018); *Vanston v. Workers' Compensation Appeal Board (Marian Community Hospital)* (Pa. Cmwlth., No. 933 C.D. 2020, filed May 12, 2021); *Ruggiero v. Commonwealth (Workers' Compensation Appeal Board)* (Pa. Cmwlth., No. 934 C.D. 2020, filed May 12, 2021).[5] *See also Campitelli v. Tyco International (U.S.), Inc. (Workers' Compensation Appeal Board)*, (Pa. Cmwlth., No. 300 C.D. 2021, filed Oct. 14, 2021) (rejecting the same argument).

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code §69.414(a).

Because Claimant did not challenge the validity of the January 19, 2012 IRE until after *Protz II* was decided, *Whitfield* and its progeny mandate that Claimant is not entitled to reinstatement of total disability benefits as of the IRE date. The Board correctly reinstated Claimant's total disability status as of May 17, 2018, the date he filed his reinstatement petitions. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reginald Adams,                       :
               Petitioner        :
                       :   No.  1060 C.D. 2020
           v.             :
                       :
School District of Philadelphia  :
(Workers' Compensation Appeal  :
Board),                       :
             Respondent     :

## ***ORDER***

AND NOW, this 30th day of March, 2022, the October 1, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge